

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00150-CR

_____

DAKARI SMITH, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1543876D

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Pursuant to a plea bargain, the trial court convicted pro se Appellant Dakari Smith of evading arrest or detention with a vehicle and sentenced him to twenty-five years' confinement. Appellant filed a notice of appeal more than two years later. Because we have no jurisdiction, we dismiss this appeal.

Appellant pled guilty to evading arrest or detention with a vehicle and true to the habitual-offender allegations in exchange for a sentence of twenty-five years. *See* Tex. Penal Code Ann. §§ 12.42(d), 38.04(b)(2)(A). On July 9, 2018, the trial court convicted and sentenced him in accordance with the bargain.[1] Appellant did not file a motion for new trial. His notice of appeal was therefore due by August 8, 2018, but he did not file it until October 20, 2020. *See* Tex. R. App. P. 26.2(a) (providing that a notice of appeal must be filed within thirty days of sentencing absent a timely motion for new trial). Thus, Appellant filed his notice of appeal more than two years too late. *See id.*; *Taylor v. State*, No. 02-19-00059-CR, 2019 WL 1574984, at *1 (Tex. App.—Fort Worth Apr. 11, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

We informed Appellant by letter of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely filed. *See* Tex. R. App. P. 26.2(a).

---

[1]The plea paperwork indicates that Appellant was subject to a range of punishment of 25–99 years or life as a habitual offender. He judicially confessed not only to evading arrest or detention with a vehicle but also to the truth of the State's deadly-weapon and habitual-offender allegations. The trial court found both of those allegations true.

We stated that the appeal would be subject to dismissal absent a response showing grounds for continuing it. We received no response.

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction over an appeal. *See* Tex. R. App. P. 26.2. The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant filed his pro se notice of appeal too late, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Taylor*, 2019 WL 1574984, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 3, 2020